UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DARIN L. BARTHOLOMEW,<br><br>Plaintiff,<br><br>v.<br><br>DUSTY KRALIK, et al.,<br><br>Defendants. | Case No. 2:24-cv-00194-AKB<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

## I. INTRODUCTION

Pending before the Court is the In Forma Pauperis Application (Dkt. 1) and Complaint for a Civil Case (Dkt. 2) filed by Plaintiff Darin L. Bartholomew, appearing pro se in this matter. Pursuant to 28 U.S.C. § 1915, the Court reviews Bartholomew's request to determine whether he is entitled to proceed in forma pauperis, which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, No. 1:13-CV-00441-CWD, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court also undertakes an initial review of Bartholomew's complaint to ensure it meets the minimum required standards. *See* 28 U.S.C. § 1915(e)(2)(B). For the reasons explained below, the Court grants Bartholomew's In Forma Pauperis Application by allowing him to pay a partial filing fee and dismisses his complaint for failure to state a claim for relief. Specifically, the Court dismisses with prejudice Bartholomew's six claims against Defendant Dusty Kralik as untimely and dismisses without prejudice his two claims against Defendant Shane Grady.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). To qualify for In Forma Pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets he possesses and that indicates he is unable to pay the fee required. The affidavit is sufficient if it states the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide for himself and dependents the "necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted).

The Court has reviewed Bartholomew's In Forma Pauperis Application. Bartholomew's attached affidavit is sufficiently particular, specifying income, sources of income, cash on hand, assets, expenses, and dependents. (Dkt. 1). The affidavit, however, omits the value of his vehicle. (*Id.* at 3). Nevertheless, the affidavit indicates Bartholomew is single with three dependents. (*Id.* at 3, 5). He has $500 of cash on hand. (*Id.* at 3). Because his monthly income is $1,200 and monthly expenses are $1,400, Bartholomew's monthly expenses exceed his income by about $200 each month. (*Id.* at 2, 4).

Accordingly, the Court finds that Bartholomew is unable to pay the entire $405 filing fee in this case but can pay a partial filing fee. *See Olivares v. Marshall*, 59 F.3d 109, 111 (9th Cir. 1995) (observing courts have discretion to impose partial filing fees under In Forma Pauperis statute). Given Bartholomew's financial situation, the Court requires Bartholomew to pay a $50 filing fee. *See id.* (noting that "requiring the payment of fees according to a plaintiff's ability to

pay serves the in forma pauperis statute's goal of granting equal access to the courts" while also "defraying some of the judicial costs of litigation").

### III. SUFFICIENCY OF COMPLAINT

The Court is required to screen complaints brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

To state a claim for relief, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *id*. (citing *Twombly*, 550 U.S. at 556), or provides sufficient facts "to raise a reasonable expectation that discovery will reveal evidence of" the defendant's wrongdoing. *Twombly*, 550 U.S. at 556. A pleading that offers merely "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Additionally, a complaint fails to state a claim for relief if its claims are time-barred by the relevant statute of limitations. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). Courts may dismiss complaints in initial review orders *sua sponte* when the complaint is time-barred by the relevant statute of limitations. *See Hutchinson v. McDaniel*, 2015 U.S. Dist. LEXIS 28522, at *9 (E.D. Cal.

Mar. 9, 2015) (citing *Franklin v. Murphy*, 745 F.2d 1221, 1228-30 (9th Cir. 1984); *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 686-87 (9th Cir. 1993)).

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

In this case, Bartholomew has named Idaho State Police Troopers Dusty Kralik, Shane Grady, Todd McDevitt, the Idaho State Police, and Deputy Mathew Weingart of the Shoshone County Sheriff's Office as defendants. (Dkt. 2 at 2-3). Bartholomew alleges that on April 14, 2022, Trooper Kralik pulled Bartholomew over for speeding and that, during the traffic stop, Trooper Kralik placed Bartholomew in "tight handcuffs" and left him outside in the "sleet [and] wind . . . without a coat for more than 90 minutes." (*Id.* at 5-6). Bartholomew further alleges that later that same day and again on April 15, 2022, Trooper Grady called Bartholomew's employer with "retaliatory malice." (*Id.*)

In response to these incidents, the complaint pleads eight claims under 42 U.S.C. § 1983. (Dkt. 2 at 6). Six claims (counts 1-6) relate to the traffic stop on April 14, 2022, and are against Trooper Kralik for violations of Bartholomew's First, Fourth, and Fifth Amendment rights. (*Id.*) The remaining two claims (counts 7-8) relate to the alleged phone calls on April 14, 2022, and April 15, 2022, and are against Trooper Grady for violation of Bartholomew's First Amendment right to "speak with the supervisors and superiors of Dusty Kralik and Shane Grady without

INITIAL REVIEW ORDER BY SCREENING JUDGE - 4

reprisal" and to "seek redress from . . . government officials without reprisal." (*Id.*)

The Court concludes Bartholomew's complaint fails to state a claim for relief. First, because Bartholomew's complaint was filed on April 15, 2024, his claims arising from the traffic stop and phone call on April 14, 2022, are untimely and barred by the statute of limitations. Second, Bartholomew's remaining claims do not contain sufficient facts to state a plausible First Amendment claim. Accordingly, the Court will dismiss his complaint with leave to amend only counts seven and eight.

### A.     Counts 1-6 – Statute of Limitations

Section 1983 claims adopt the statute of limitations from the forum state's personal injury statute. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Idaho, personal injury claims have a statute of limitations period of two years. *See* I.C. § 5-219. The statute of limitations begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991); *see also Wallace*, 549 U.S. at 388. Thus, to comply with the statute of limitations for § 1983 claims in Idaho, the lawsuit must be commenced within two years from the date the plaintiff had reason to know of the alleged injury. "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. When a complaint is mailed to the Court, it is not considered filed until the Court receives it. *See* Fed. R. Civ. P. 5(d)(2); *Cooper v. City of Ashland*, 871 F.2d 104, 105 (9th Cir. 1989).

Here, Bartholomew's claims in counts one through six all stem from the traffic stop on April 14, 2022. Bartholomew was present at the traffic stop and, therefore, presumably knew of the alleged injuries he sustained at that time. Consequently, Bartholomew had until two years after the traffic stop, April 14, 2024, to assert his § 1983 claims related to those specific injuries. It appears Bartholomew mailed his complaint on April 12, 2024; the clerk's office, however, did not

receive it until April 15, 2024. (Dkt. 2 at 1). Therefore, the complaint was untimely because it not filed until one day after the statute of limitations expired. *See United States v. Locke*, 471 U.S. 84, 101 (1985) (ruling statute of limitations must be enforced even if filing is only one day late). Accordingly, counts one through six of the complaint are dismissed with prejudice because the statutory period to file these claims has expired, and no amendment can cure this defect.

The Court will not dismiss counts seven and eight of the complaint as untimely because the second phone call occurred on April 15, 2022, and when Bartholomew had reason to know of the alleged injury resulting from the first phone call on April 14, 2022, is unclear. As explained, counts seven and eight relate to two phone calls made on April 14, 2022, and April 15, 2022, respectively. Counts seven and eight are timely to the extent they seek relief for the April 15 phone call. They may be timely with respect to the April 14 phone call as well, provided Bartholomew did not have reason to know of the call until after April 14. Out of an abundance of caution, the Court concludes these claims are not time-barred as to either phone call. If Bartholomew amends his complaint, he should specify what injury he suffered due to the April 14 phone call and when such injury occurred.

**B.      Counts 7 and 8 – Insufficient Factual Allegations**

Although counts seven and eight are not time-barred, they nevertheless fail to state a claim for relief. As noted, counts seven and eight are § 1983 claims against Trooper Grady and allege Trooper Brady violated Bartholomew's First Amendment rights by calling Bartholomew's employer "with retaliatory malice." (Dkt. 2 at 5-6). To the extent Bartholomew alleges he suffered retaliation for attempting "to speak with the supervisors and superiors" of Troopers Kralik and Grady (Dkt. 2 at 6), the Court construes counts seven and eight as attempting to state a First Amendment retaliation claim. To state a claim for First Amendment retaliation, a plaintiff must

plead facts establishing: (1) he engaged in a constitutionally protected activity; (2) as a result, the defendant subjected him to adverse action, which would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action. *See Ballentine v. Tucker*, 28 F.4th 54, 61 (9th Cir. 2022) (citation omitted).

Here, Bartholomew's complaint does not plead facts that satisfy any elements of a retaliation claim. First, the complaint does not indicate Bartholomew engaged in a protected activity under the First Amendment. Although it appears Bartholomew may have attempted to "speak with the supervisors and superiors" of Troopers Kralik and Grady, the complaint does not clearly plead facts alleging as much or indicate when Bartholomew made any protected communication. Second, the complaint does not plead facts indicating how the phone calls made by Trooper Grady were adverse to Bartholomew. Namely, there are no allegations explaining the subject matter of the phone calls and any consequences. Lastly, the complaint contains no factual allegations establishing a causal connection between the protected activity and the alleged phone calls. For example, the complaint does not allege the phone calls to Bartholomew's employer were in response to any complaint he made to Troopers Kralik and Grady's supervisors. For these reasons, counts seven and eight fail to state a claim for relief, and the Court will dismiss them without prejudice and with leave to amend.

If Bartholomew chooses to amend his complaint, he must provide additional factual allegations to support his First Amendment claim and any other claims for relief he may allege. Additional factual allegations should include, at minimum, the protected activity in which he engaged and when he did so, the nature of the phone calls to his employer by Trooper Grady, and the relationship between the phone calls and the protected activity. Again, Bartholomew's claims

are time-barred to the extent they relate to injuries suffered before April 15, 2022, unless Bartholomew did not have reason to know of the injuries until after April 14, 2022. Finally, because the complaint does not allege any claims against Todd McDevitt, Deputy Weingart, and the Idaho State Police,[1] any amended complaint should include allegations regarding these defendants or, alternatively, remove them as named defendants from the complaint. Failure to address these issues may result in dismissal of this case with prejudice.

## IV. CONCLUSION

While Bartholomew appears to have limited financial resources, he does have sufficient funds to pay a partial filing fee. Additionally, the Court finds that counts one through six of Bartholomew's complaint are time-barred by the applicable statute of limitations and cannot be amended, while counts seven and eight fail to plead sufficient factual allegations and are dismissed without prejudice and with leave to amend.

## V. ORDER

**IT IS ORDERED that:**

1. The In Forma Pauperis Application (Dkt. 1) is **GRANTED**. Bartholomew is not required to pay the entire filing fee, but he is required to pay a $50 filing fee if and when he amends his complaint.

2. The Complaint for a Civil Case (Dkt. 2) is **DISMISSED**. Counts one through six are DISIMISSED WITH PREJUDICE, while counts seven and eight are DISMISSED WITHOUT

---

[1] Because the Idaho State Police are an arm of the state of Idaho, the Eleventh Amendment, and the statutory bounds of 42 U.S.C. § 1983 bar any claims Bartholomew may allege against it. *See Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding "a State nor its officials acting in their official capacities are 'persons' under § 1983.").

PREJUDICE and with leave to amend. **Bartholomew must file his Amended Complaint within sixty (60) days of the issuance of this Order.**

3. Failure to file an Amended Complaint within the ordered timeframe will result in the full dismissal of this case WITH PREJUDICE and without further notice.

DATED: July 08, 2024

*Amanda K. Brailsford*
**Amanda K. Brailsford**
U.S. District Court Judge